# In the United States Court of Federal Claims
*Pro Se*

|  |  |  |
|---|---|---|
| LEE-DRYDEN GREEN, JR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-1436C |
| v. | ) | (Filed: October 29, 2020) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

    The Plaintiff in this case, proceeding pro se, has filed a complaint claiming that he suffered harm because of actions taken by officials employed by Hilton Head, Bluffton, and Beaufort County in South Carolina. Complaint at A-7, Docket No. 1. He alleges that these officials "used threat[s], duress, and coercion" to impede his rights, "threatened [his] family," used his "name for financial gain," and defamed him. Id. at A-6. He asks the Court "to make Beaufort County of Hilton Head/Bluffton South Carolina compensate [him] for the damages that they have created by not knowing the letter of the supreme law of the land." Id. at A-7. He seeks monetary damages in the amount of $14,450,000 and declaratory relief "to secure due process of law, equal protection and other rights, privileges and immunities" guaranteed by the Constitution. Id. at A-3, A-5.

    Jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), and the Court may raise the issue on its own at any time without a motion from a party, Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); see also Rule 12(h)(3) of the Rules of the Court of Federal Claims (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Further, while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

    The Tucker Act grants the United States Court of Federal Claims jurisdiction over monetary actions "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not confer jurisdiction over claims against any entity other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Wolffing v. United

States, 144 Fed. Cl. 626, 637 (2019). As Mr. Green's allegations concern actions taken by city and county officials, this Court has no jurisdiction over his claims.

Additionally, the Court of Federal Claims has no jurisdiction over tort claims. Mr. Green's claims—alleging threats, duress, coercion, and defamation—are tort claims, which the Tucker Act expressly excludes from this Court's jurisdiction. 28 U.S.C. § 1491(a)(1); Kenan v. United States, No. 20-287T, 2020 WL 4784671, at *2 (Fed. Cl. Aug. 18, 2020). To the extent Mr. Green alleges a violation by city and county officials of his civil rights, the Court of Federal Claims lacks "jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under state law." Drake v. United States, 792 F. App'x 916, 920 (Fed. Cir. 2019). Thus, the Court does not have jurisdiction over the claims set forth in Mr. Green's Complaint which allege torts and civil rights violations committed by state, county, and city officials.

For these reasons, the Court directs the Clerk to **DISMISS** Mr. Green's complaint without prejudice based on lack of subject matter jurisdiction.[1]

**IT IS SO ORDERED.**

s/Elaine D. Kaplan
ELAINE D. KAPLAN
Judge

---

[1] Mr. Green has filed a motion to proceed in forma pauperis in this case. ECF No. 2. That motion is **GRANTED** solely for purposes of dismissing the case.